IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EDWARD VERZELLA, et al., | : | No. 18-2321 |
|     Defendants. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                                                                      **October 31, 2019**

      Edward Verzella and Christopher Columbus, LLC seek to vacate a $56,000 default judgment entered against them for copyright infringement. Defendants showed the Floyd Mayweather/Conor McGregor boxing match on a yacht that they owned and operated, despite not having paid the licensing fee to Joe Hand Promotions. Defendants ignored this litigation for over a year, answering the bell only when hit with a default judgment. The Court has reviewed the record and sees no reason to vacate the default judgment, nor to let Verzella off the hook for that judgment. However, the Court agrees that $56,000 is excessive and will cut that amount to $33,600, plus costs in the amount of $560.84.

**I.**     **FACTUAL BACKGROUND**

      Joe Hand Promotions distributes and licenses sporting events to commercial establishments like bars, restaurants, and clubhouses. (Compl. ¶ 4.) Joe Hand was granted the exclusive right to commercially distribute the Floyd Mayweather vs. Conor McGregor boxing match, which occurred on August 26, 2017. (*Id*. ¶ 5.) "By written agreement with the owner of the registered copyright of the [boxing match], Plaintiff was assigned ownership of the right to distribute . . . and authorize the public performance . . . of the [boxing match]." (*Id*. ¶ 6.) Joe Hand licensed the Mayweather/McGregor fight to over 6,000 establishments nationwide. (*Id*. ¶ 10.) Of course, an

1

establishment could only show the fight after paying a commercial license fee to Joe Hand. (*Id.* ¶¶ 10-11.)

Verzella was an officer, director, shareholder, member, or principal of Christopher Columbus, LLC, a business that owned and operated an establishment known as the Ben Franklin Yacht. (*Id.* ¶¶ 7-8.) On fight night, there was an event on the Ben Franklin Yacht. Specifically, an entity called "Klutch Kings" advertised a three-hour cruise on the Ben Franklin Yacht during which it promised, "THE MAYWEATHER VS MCGREGOR FIGHT WILL BE SHOWN." (Pl.'s Mot. For Default J. Ex. A [Screenshot Invite].) Subsequent screenshots make clear that the fight was indeed shown on the Ben Franklin Yacht during the cruise. (*Id.* Ex. B [Fight pictures].)

Defendants, however, did not obtain permission to show the fight. Instead, Defendants rented out the Ben Franklin Yacht for an event that showed the fight to patrons of the establishment without paying the licensing fee. Prior to showing the fight, a copyright/piracy warning appeared on the screen. (Pl.'s Resp. in Opp'n to Defs.' Mot. For Relief From Default J. Ex. A [Copyright Notice].) According to Joe Hand, "Defendants willfully engaged in . . . illegal acts to receive the [boxing match] for free or at a nominal cost while Plaintiff's legitimate customers paid several thousand dollars." (Compl. ¶ 14.) Joe Hand further alleges that Defendants intentionally pirated the match for their own economic gains. According to Joe Hand, "Defendants exhibited the [boxing match] for the commercial purpose of attracting paying customers, patrons, members, and guests, thereby wrongfully benefitting financially by infringing Plaintiff's rights in the high-profile event." (*Id.* ¶ 15.)

Joe Hand brought a two count Complaint against Defendants. The first count is a pirating claim and the second count is a copyright infringement claim. Joe Hand alleges that the copyright infringement claim was willful. (*Id.* ¶ 24.) The Complaint was filed on June 1, 2018, and according

to the return of service, service was made on Verzella on June 28, 2018. Defendants failed to respond to the Complaint. A default was entered on August 15, 2018. On January 15, 2019, an attorney entered an appearance on behalf of Defendants. Silence reigned until Joe Hand filed a motion for default judgment on September 10, 2019. The Court entered a default judgment against Defendants on September 17, 2019. The Court awarded Joe Hand statutory damages of $56,000 for Defendants' willful copyright infringement. That figure constitutes five times the commercial license fee that Defendants would have been obligated to pay to legally display the boxing match. The Court also awarded Plaintiff $560.84 in costs. The default judgment awoke Defendants from their slumber; Defendants filed a motion to set aside the default judgment on September 19, 2019.

Defendants do not seek to vacate the default itself. Defendants failed to respond because they did not forward the complaint to counsel and apparently believed that the matter would be resolved by the Court without Defendants' participation. Defendants are not strangers to the legal process, and thus concede that a motion for relief from the default would be inappropriate because they should not have allowed the complaint to languish unaddressed as they did. (Mem. of Law in Supp. of Defs.' Mot. For Relief From Default J. [Defs.' Mem.] at 1.) Defendants, however, contend that it would be unjust to enter judgment against them without an assessment of damages. (*Id*.) According to Defendants, the Court should not have found Defendants' copyright infringement was willful. (*Id*. at 1-2.) Additionally, they argue Verzella should not be individually liable for damages. (*Id*. at 2.)

## II. DISCUSSION

### A. Default

When faced with a motion to vacate a default judgment, a court should decide: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie

3

meritorious defense; (3) whether the defaulting defendants' conduct is excusable or culpable; and (4) the effectiveness of alternate sanctions. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

"The threshold issue in opening a default judgment is whether a meritorious defense has been asserted." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984); *see also DirecTV, LLC v. Alvarez*, Civ. A. No. 15-6827, 2017 WL 4284526, at *2 (D. N.J. Sept. 27, 2017) ("In this case we deal with a default judgment, not an entry of default. Accordingly, a meritorious defense is treated as a threshold issue.").

Defendants contend that they have a meritorious defense, arguing that any social media advertising done for the event was not done by them, but was done by Klutch Kings, an organization beyond Defendants' control. (Defs.' Mem. at 4.) The Ben Franklin Yacht, where the fight was shown, makes space available to large groups to host various events. (*Id*. at 4-5.) It was Klutch Kings, not Defendants, who controlled the entertainment for the evening. (*Id*. at 5.)

Essentially, Defendants have raised an issue of damages. A limitation on the amount of damages can qualify as a meritorious defense. *Ferrostaal Metal Corp. v. Carle Shipping Corp.*, Civ. A. No. 93-3041, 1994 WL 2517, at *3 (E.D. Pa. Jan. 4, 1994). Joe Hand, however, disputes that Defendants have a meritorious defense. Joe Hand argues that Defendants failed to defend against its copyright infringement claim for over a year. (Pls.' Resp. in Opp'n to Defs.' Mot. For Relief From Default J. at 7.) According to Joe Hand, that fact alone constitutes evidence of willfulness. Moreover, "the fact that Defendants also ignored conspicuous copyright infringement notices conclusively establishes willfulness." (*Id*.) Joe Hand believes that the Court's award of $56,000 in statutory damages was proper.

The Court will not disturb its willfulness conclusion. "A willful violation occurs when a defendant knows or should have known that his or her actions constitute copyright infringement." *Graphic Styles/styles Int'l LLC v. Kumar*, Civ. A. No. 14-4283, 2016 WL 299083, at *5 (E.D. Pa. Jan. 25, 2016). Moreover, a defendant's default coupled with a decision not to defend against allegations of copyright infringement are grounds for concluding that the infringement was willful. *See Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 542 (E.D. Pa. 2008).

Defendants failed to defend against the allegations asserted against them. This is evidence of willfulness. Additionally, even if the Court ignored Defendants' lack of diligence, the record contains evidence sufficient to find willful copyright infringement here. Defendants also ignored conspicuous notices that the boxing match was subject to copyright. (*See* Pl.'s Resp. in Opp'n to Defs.' Mot. For Relief From Default J. Ex. A [Copyright Notice].) This fact also warrants a finding of willfulness. *See Graphic Styles*, 2016 WL 299083, at *5.

The default judgment factors favor Plaintiff. Lifting the default judgment will further prejudice Joe Hand, given the amount of time that has elapsed. Joe Hand is entitled to vindicate its rights. Additionally, Defendants are culpable for the delay here. Defendants chose to ignore this litigation because they believed it to be baseless. That determination, of course, is not left to Defendants, and they must suffer the consequences for their choice to deliberately ignore this litigation.

**B.     Damages**

The Court does not however, believe that statutory damages in the amount of $56,000 is a just result. That amount represents five times the cost of the $11,200 licensing fee that Joe Hand charged to show the boxing match. (Mem. of Points and Authorities in Supp. of Pl.'s Mot. For

Default J. at 8.) ("Here, Plaintiff requests a statutory damages award of $56,000 for Defendants' infringement. This figure represents five (5) times the commercial license fee for the Establishment had Defendants legally purchased the Event.").) Although the Court initially awarded this amount to Plaintiff, it now concludes that Defendants have a meritorious defense to the amount of damages.

In lieu of actual damages, a copyright owner may elect to recover "an award of statutory damages for all infringements involved in the action . . . for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). In the case of willful copyright infringement, the court may increase the award of statutory damages "to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

What we have here is a single case of copyright infringement, albeit a willful one. Upon a review of cases in this Circuit, the Court concludes that five times the licensing fee here is simply too much. *See Broadcast Music, Inc. v. Kujo Long, LLC*, Civ. A. No. 14-449, 2014 WL 4059711, at *5 (M.D. Pa. Aug. 14, 2014) (terming a request for "roughly three-and-a-half times the unpaid licensing fees" as falling on the "high end of recent statutory damages awards in this [C]ircuit" and cutting the request to "slightly less than three times the claimed lost fees"); *Broadcast Music, Inc. v. Shane's Flight Deck, Ltd.*, Civ. A. No. 09-2151, 2010 WL 4916208, at *2 n.2 (M.D. Pa. Nov. 24, 2010) (awarding three times lost licensing fees); *Broadcast Music, Inc. v. George Moore Enters., Inc.*, 184 F. Supp. 3d 166, 172-73 (W.D. Pa. 2016) (rejecting request for over five times the unpaid licensing fees and instead following "well-settled law within the Third Circuit" by awarding nearly three times the lost licensing fees).

The Court will award $33,600, which is three times the amount of the licensing fee that Defendants should have paid to show the boxing match.

### C. Vicarious Liability

Verzella seeks to evade personal liability for the copyright infringement. The Court believes that would be inappropriate here. To state a claim of vicarious copyright infringement, a plaintiff must allege: (1) direct copyright infringement by a third party; (2) an obvious and direct financial interest in the exploitations of copyrighted materials; and (3) the right and ability to supervise the infringing activity." *Live Face on Web, LLC v. The Control Grp. Media Co.*, 150 F. Supp. 3d 489, 498 (E.D. Pa. 2015). A plaintiff need not prove a defendant's knowledge of the infringing activity to succeed on a vicarious liability claim of copyright infringement. *Broadcast Music Inc. v. Hemingway's Café, Inc.*, Civ. A. No. 15-6806, 2017 WL 2804951, at *4 (D. N.J. June 28, 2017). "Individual infringers can be held personally liable, jointly and severally, with corporate infringers for each act of copyright infringement." *Id*.

Verzella is on the hook for copyright infringement here. Defendants concede that he was the "vessel safety officer and the sole owner of Christopher Columbus, LLC." (Defs.' Mem. at 7.) Verzella, as the owner of the corporate entity that owned the ship, directly benefitted from the copyright infringement here. By virtue of his title, he also could control the activities taking place on the vessel. Verzella has presented no valid reason to open the default as to him and he will therefore remain jointly and severally liable for copyright infringement.

## III. CONCLUSION

Based upon the Court's review of the record, the Court will not disturb its earlier conclusion that Defendants willfully infringed on Plaintiff's copyright, and that Verzella is jointly and severally liable for that infringement. The Court will, however, reduce the statutory damages

7

awarded to $33,600, plus costs in the amount of $560.84. In the future, Verzella is cautioned to pay attention to litigation commenced against him, and to avoid copyright infringement that might occur at his establishment. An Order consistent with this Memorandum will be docketed separately.